## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Arnaldo Fernández Caraballo, Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, hereinafter referred to as "ATF", being duly sworn, depose and state as follows:

1.      I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States empowered by law to conduct investigations and make arrests upon violations of the offenses enumerated in Title 18, United States Code, Section 2516.

2.      I am a Task Force Officer with the ATF in San Juan, Puerto Rico, and have been so for the past ten (10) years. Prior to becoming a Task Force Officer, I worked over nineteen (19) years as an Agent for the Puerto Rico Police Bureau (PRPB).

3.      I am currently assigned to the ATF Violent Crimes Group.  As part of the Violent Crimes Group, I conduct investigations of violent gangs, firearms, and narcotics violations. I have specialized training and/or experience in high-level drug enforcement, street- level drug enforcement, narcotics smuggling and distribution, gangs, undercover operations, surveillance and debriefing informants and suspects.

4.      All reference herein to any experience refers to experience gained through training, conducting firearms and controlled substances investigations, and participating in those investigations with other experienced investigators, as well as conversations with other law enforcement officers.

5.      I am personally familiar with the facts and circumstances surrounding this investigation and with the information contained in this Affidavit, either through personal participation investigation or through discussions with other law enforcement officers and other ATF TFO with personal knowledge of the facts. Since this affidavit is submitted only for the limited purpose of securing the warrant sought, I have not set forth every fact known to me concerning this investigation. I have included what I believe are the facts sufficient to establish probable cause for the warrant sought.

6.      Based on my training and experience and the facts set forth below in this affidavit, there is probable cause to believe Nelson Gabriel SANTIAGO-LOPEZ violated Title 18, United States Code, Section 922 (o) – possession of a machinegun. 18 U.S.C. § 924(c)(1)(A)(i): Possession of a firearm in furtherance of a federal drug trafficking crime 21 U.S.C. § 841(a)(1): Possession of a controlled substance with intent to distribute.

## FACTS SUPPORTING PROBABLE CAUSE

7.      On February 03, 2025, agents of the Puerto Rico Police Bureau (PRPB) received information from a paid confidential informant who reported that, an individual known as "Gaby Pastillas" sells drugs in a house located at the corner of the street #5 Barriada San Jose in Toa Alta, Puerto Rico. The house was described as a one-story corner house, painted in beige, with two front

doors and bars. The informant described aka "Gaby Pastillas" as having a white skin, dark hair, average height, and a huskie build. The informant also stated that aka "Gaby Pastillas" also used the house to store narcotics.

8.      PRPB Agents located the house at corner of the street #5 Barriada San Jose in Toa Alta, Puerto Rico matching the description provided by the CI and conducted surveillance on several occasions. During surveillance, they observed a male matching the description provided by the informant, entering and exiting the residence in possession of what they identified as distribution amounts of controlled substances.

9.      On February 18, 2025, a state judge issued a search warrant for the residence (located at the corner of the street #5 Barriada San Jose in Toa Alta).

10.     On February 19, 2025, at approximately 05:20am, PRPB Agents, assigned to Metro Narcotics Unit, executed the search warrant. When the PRPB Agents announced their presence, two male individuals jumped out of the house through a door and tried to flee from the agents. Minutes later the two males were arrested and advised of their Miranda Warnings. PRPB Agents identified one of the arrestees as Nelson Gabriel SANTIAGO-LOPEZ aka "Gaby Pastillas".

11.     PRPB Agents asked the arrestees who owned the apartment and SANTIAGO-LOPEZ stated he was the person responsible of the apartment. PRPB Agents presented SANTIAGO-LOPEZ with the search warrant for the residence and proceeded to execute the search.

12.     PRPB Agents seized the following evidence from the bedroom on the main floor:

- Plastic Bags containing Ziploc baggies with green leafy substance (field tested positive to marijuana); and
- Plastic Bags Ziploc baggies with white powdery substance (field tested positive cocaine).

13.     PRPB Agents seized the following evidence from the kitchen/living room area:

- One (1) plastic clear box containing plastic containers containing with green leafy substance (field tested to marijuana);
- Rounds of 223 caliber ammunition.
- Plastic Bag containing with green leafy substance (field tested positive to marijuana); and
- Ninety-seven (97) Rounds of .40 caliber ammunition.

14.     According to the agents at that moment the PRPB agents stated to SANTIAGO-LOPEZ that they were moving to the other bedroom. At that moment, SANTIAGO-LOPEZ freely and voluntary stated to the agents that everything in the apartment belongs to him. PRPB Agents continued with the search.

15.    PRPB Agents seized the following evidence from the downstairs bedroom:
- One (1) black plastic box containing a black and orange AR Pistol black;
- Five (5) rifle magazines loaded with rounds of 223 caliber ammunitions.
- Twelve pounds of Marijuana (field tested positive).
- Three (3) ziploc baggies containing marijuana (field tested positive).
- Plastic Bag containing vials with crack-cocaine (field tested positive to cocaine); and
- One (1) PR driving license bearing the name Nelson Gabriel SANTIAGO-LOPEZ.

16.  The agent that conducted the surveillance identified Nelson Gabriel SANTIAGO-LOPEZ as the person he had seen in possession of controlled substances during surveillance of the residence.

17.    PRPB Agents transported SANTIAGO-LOPEZ and the other individual to the PRPB Metro Narcotics Unit for further investigation.

18.    PRPB Agents made an inventory of everything seized at SANTIAGO-LOPEZ's house:

- One thousand and three hundred and seventeen (1317) clear ziploc baggies containing cocaine (field tested positive to cocaine);
- One hundred and fifty-four (154) ziploc baggies containing marijuana (field tested positive to marijuana);
- Eight Hundred and seventy-five (875) vials containing crack-cocaine (field tested positive to cocaine);
- Seventy (70) Plastic containers containing crack-cocaine (field tested positive to cocaine);
- Nine hundred and twenty (920) plastic containers containing marijuana (field tested positive to marijuana);
- Approximately twelve (12) pounds of marijuana (field tested positive to marijuana);
- Approximately one hundred and forty-six (146) grams of cocaine (field tested positive to cocaine);
- One (1) plastic box black in color containing AR Pistol black and orange in color.
- Five (5) rifle magazines
- Ninety-seven (97) rounds of .40 caliber ammunition;
- Eighty-nine (89) rounds of .223 caliber ammunition; and
- Two thousand five hundred and sixty-two dollars ($2,562.00)

19. Some of the evidence seized is pictured below.



20.    On February 19, 2025, ATF Agents arrived at the PRPD Metro Narcotics Unit and assisted in the investigation.

21.    ATF read Nelson Gabriel SANTIAGO-LOPEZ his Miranda's Rights and Warnings, which he understood and signed, stating that he was not willing to speak with authorities without having his lawyer present. SANTIAGO-LOPEZ then freely and voluntarily stated that he wanted to tell something to the agents. SANTIAGO-LOPEZ stated that his friend (the other arrestee) had nothing to do with everything found in the house, that everything found was his, and the other individual had only come over to play video games. The second individual similarly stated that he had come over to play video games and that when the police arrived, SANTIAGO-LOPEZ ran so he ran after him.

22.    A preliminary field test examination of the firearm AR Pistol black and orange in color without ammunitions, indicated that this firearm can fire more than a single round of ammunition per single function of the trigger, which would meet the legal definition of a machine gun. Based on my training, knowledge and experience with ATF, the device on the AR Pistol was not installed by the manufacturer and was placed on the firearm with the sole purpose of illegally modifying it to fire fully automatic, meaning that is capable of expelling more than one (1) projectile from one single pull of the trigger.

## CONCLUSION

23.    Based on the above facts, I have probable cause to believe that Nelson Gabriel SANTIAGO-LOPEZ have violated federal firearm and controlled substance laws. Specifically, SANTIAGO-LOPEZ has violated 18 U.S.C. § 924(c)(1)(A)(i) (Possession of a firearm in furtherance of a federal drug trafficking crime) and 21 U.S.C. § 841(a)(1) (Possession of a controlled substance with intent to distribute).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge this 19th of February 2025.

ARNALDO FERNANDEZ-CARABALLO (Affiliate)
Digitally signed by ARNALDO FERNANDEZ-CARABALLO (Affiliate)
Date: 2025.02.20 11:49:16 -04'00'

Arnaldo Fernandez-Caraballo
ATF Task Force Officer

Subscribed and sworn ▬▬▬▬ pursuant to FRCP 4.1 at 1:36PM by telephone, this 20th day of February.

Marshal D. Morgan
United States Magistrate Judge